# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ANITRA WILLIAMS, ET AL. | CIVIL ACTION NO. 19-0617 |
| VERSUS | JUDGE DONALD E. WALTER |
| BIERDEN CONSTRUCTION, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Plaintiffs, Anitra and Dennis Williams, filed this civil action against Bierden Construction, Bridgestone Americas Tire Operations, LLC ("BATO"), and Querbes & Nelson. See Record Document 1, Ex. 1. BATO removed the case based on an assertion of diversity jurisdiction. BATO acknowledged that Bierden Construction and Querbes & Nelson appear to both be Louisiana citizens, which would destroy diversity, but BATO asserted that the citizenship of both should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central Railroad Company, 385 F.3d 568 (5th Cir. 2004). The Plaintiffs have not challenged the improper joinder plea, but the Court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. See Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

If the Plaintiffs contest the assertion that Bierden Construction and Querbes & Nelson were improperly joined, they must file a motion to remand, supported by a memorandum, by **Friday, October 4, 2019**, and explain why there is a reasonable basis to predict that state law would allow the Plaintiffs to recover against Bierden Construction and Querbes & Nelson. If the Plaintiffs timely file a motion to remand, it will be noticed for briefing so that BATO can respond and attempt to meet its burden on the improper joinder issue. If the Plaintiffs do not timely file a

motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, Bierden Construction and Querbes & Nelson will be dismissed, and the case will proceed toward a Scheduling Order.

In addition, the notice of removal states that BATO is a limited liability company organized under the laws of the State of Delaware, with its principle place of business in the State of Tennessee. The citizenship of a limited liability company is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding LLC v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) (citation omitted). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy La. Corp., No. 18-0316, 2018 WL 3551525 (W.D. La. July 24, 2018).

To avoid any doubt about subject-matter jurisdiction, the removing defendant should file an amended notice of removal that contains specific allegations with respect to the form of entity of BATO. If BATO is actually a limited liability company, as BATO states in its notice of removal, the amended notice of removal will need to set forth its members and their citizenship in accordance with the rules set forth above.

Finally, in its notice of removal, BATO asserts that the two living plaintiffs are Louisiana citizens. However, the Plaintiffs sue individually and in the capacity of estate representatives.

Their citizenship in the latter role is that of the deceased ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . ." 28 U.S.C. § 1332(c)(2)). BATO should also amend its notice of removal to allege with specificity the citizenship of the deceased. The deadline for filing the amended notice of removal as to both deficiencies is **Wednesday, September 25, 2019**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of September, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE