UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**WILLIAMS ET AL**                    **CASE NO.  5:19-CV-00617**

**VERSUS**                            **JUDGE DONALD E. WALTER**

**BIERDEN CONSTRUCTION ET AL**        **MAGISTRATE JUDGE HAYES**

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court are a motion for Summary Judgment by Defendant Bridgestone Americas Tire Operations LLC [doc. # 37, and a motion to remand by Plaintiffs [doc. # 44]. For the following reasons, it is recommended that the motion to remand [doc. # 44] be GRANTED, and the motion for summary judgment [doc. # 37] DISMISSED for lack of subject matter jurisdiction.

<u>**Background**</u>

Plaintiffs originally filed this personal injury and products liability action against defendants Bierden Construction ("Bierden") and Bridgestone American Tire Operations ("BATO") in the 39th District Court of Red River Parish, Louisiana. [doc. #s 1-1, p. 1; 44-1, p.1]. On the day of the accident, Mr. Williams was operating a vehicle owned by Bierden Construction when a tire blew out, causing him to lose control of the vehicle and fatally crash. [doc. # 1-1, p. 3]. The tires on the vehicle were manufactured by Bridgestone and are alleged to have been an underlying cause of the accident. [doc. # 1-1, p. 1-2]. BATO then removed this case to federal court based on diversity jurisdiction, arguing that Bierden was an improper defendant because Plaintiff's sole cause of action against Bierden was in workers compensation. [doc. # 1; 44-1, p.1].

1

On October 21, 2019, the Court dismissed Bierden without prejudice on the grounds of improper joinder. [doc. # 16]. Plaintiff then amended the complaint to add a cause of action for spoliation of evidence against Bierden alleging that Bierden destroyed the tires in question after being put on notice of a pending lawsuit and specifically asked to preserve the vehicle and all parts attached to it. [doc. #s 32; 32-1]. Plaintiffs claim that the joinder of Bierden as a defendant, and the bringing of the state law claims against it, are appropriate under Federal Rules of Civil Procedure Rules 18, 20, and 22.6. [doc. # 44-1]. BATO asserts that the joinder of Bierden is a misjoinder because claims share no facts or common legal theories, and the claims should therefore be severed and federal jurisdiction retained over the products liability claims. [doc. # 46]. Further, BATO asserts that the spoliation claim is legally invalid. [doc. # 49].

Bierden, on the other hand, asserts that if the Court determines that the joinder of Bierden defeats subject matter jurisdiction, the action should be remanded in its entirety because the claims do arise out of the same transaction or occurrence, and will have common factual questions. [doc. # 48]. Plaintiffs are citizens of Louisiana, and Bierden is a Louisiana company. [doc. # 1-1].

## Law and Analysis

Under 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has "interpreted the diversity statute to require complete diversity of citizenship." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (internal citations omitted). Diversity jurisdiction therefore exists if no two adverse parties are citizens of the same state. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996) (citing *State Farm Fire & Cas. Co. v.*

*Tashire*, 386 U.S. 523, 531 (1967)). Finally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Lundquist v. J&J Exterminating, Inc*., No. 07 CV 1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Exxon v. Allapattah*, 545 U.S. 546, 554 (2005)).

An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction. *Id.* Under the fraudulent joinder doctrine, called the improper joinder doctrine in the United States Court of Appeals for the Fifth Circuit, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined nondiverse or in-state defendant. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006).

1. Improper or Fraudulent Joinder of Claims

The Fifth Circuit has recognized two ways for the removing party to establish improper or fraudulent joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Lundquist v. J&J Exterminating, Inc.*, No. 07 CV 1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc)(citing *Travis v. Irby*, 326 F.3d 644 (5th Cir.2003)). The removing party's burden of proving improper joinder is "heavy." *Id.* (citing *Smallwood*, 385 F.3d at 574). Here, there is no allegation of actual fraud in the pleading of jurisdictional facts. Furthermore, it is not clear that plaintiff would be unable to establish a cause of action for spoliation against Bierden in state court.

Under Louisiana law, a plaintiff states a claim for intentional spoliation of evidence when he alleges that the defendant (1) intentionally destroyed evidence, and (2) destroyed the evidence in order to deprive opposing parties of its use at trial. *See, e.g., Clavier v. Our Lady of the Lake Hosp. Inc*., 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So. 3d 881, 885, *writ denied*, 2013-0264 (La. 3/15/13), 109 So. 3d 384. Here, it is undisputed that Bierden intentionally destroyed the tires; Defendants' argument is merely that because Plaintiff did not respond to the letter notifying Plaintiff of Bierden's intention, they may not be held liable for this intentional destruction. [doc. #s 48, p. 2-4; 49, p. 3-5]. However, the Louisiana Supreme Court has never addressed the issue of whether a party can unilaterally decide, by sending notice to the other party, to destroy evidence that they have specifically been asked to preserve. Further, existing jurisprudence in the Louisiana circuit courts is factually distinguishable from this case. *See, e.g. Daotheuang v. El Paso Production Oil & Gas Co.*, 2006-403 (La. App. 3 Cir. 9/27/06); 940 So. 2d 752 (denying a claim for spoliation where the preservation letter was broad in nature and did not specifically request that the employer preserve the allegedly defective gasket that was destroyed).

Here, the preservation letter specifically asked Bierden to preserve the vehicle and all parts attached to it, including the tires, pending litigation, [doc. # 32-1, p. 1]. Furthermore, the state court issued a temporary restraining order enjoining Bierden from destroying the tires. [doc. # 32-1, p. 9]. Plaintiff contends that although it completed a partial inspection, it was not finished inspecting the tires and yet Bierden nevertheless destroyed the tires. [doc. # 32]. There is no Louisiana jurisprudence to support Bierden's contention that Plaintiff's failure to respond to its notice of intent to destroy the tires somehow exculpates them from their intentional destruction of evidence they were under a duty to preserve. Thus, Plaintiff has adequately asserted the first element of a spoliation claim against Bierden.

4

Further, there is a material issue of fact as to whether Bierden destroyed the tire with intent to deprive Plaintiff of its use at trial. Plaintiff contends that Bierden was on notice that the tire was necessary for its products liability claim. [doc. # 32, p. 6]. Bierden claims that although it was on notice of the products liability claim, it did not destroy the tire with the purpose of depriving plaintiff of the evidence at trial. [doc. # 35, p.6]. Thus, taking the facts in the light most favorable to the Plaintiff, Plaintiff has stated a claim for spoliation of evidence.

Therefore, since there are no allegations of actual fraud in the pleading of jurisdictional facts, and Defendants have not established the inability of the Plaintiff to bring a cause of action for spoliation against Bierden in state court, there has been no improper or fraudulent joinder.

2.  Misjoinder

Under Fifth Circuit precedent, improper or fraudulent joinder cannot be inferred from a mere misjoinder of parties under Rule 20 of the Federal Rules of Civil Procedure. *Lundquist,* 2008 WL 1968339 at *3 (citing *Smallwood,* 385 F.3d at 573 (identifying only two methods of establishing improper joinder, actual fraud in the pleading of jurisdictional facts and the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court, and not mentioning misjoinder as an acceptable method of establishing improper joinder)); *Bernstein v. Allstate Ins. Co*., 2007 WL 496857, *3 (E.D .La. 2007); *Schwartz v. Chubb & Sons, Inc*., 2006 WL 980673, *4 (E.D. La. 2006) (recognizing the omission of Rule 20 misjoinder as grounds for establishing improper joinder); *Richmond v. Chubb Grp. Ins. Cos.*, 2006 WL 2710566, *6 (E.D. La. 2006) (citing and concurring with the reasoning of *Schwartz* and noting that "[misjoinder under Rule 20] may not be a recognized type of improper joinder in the Fifth Circuit"); *see also McLeod v. Cities Service Gas Co*., 233 F.2d 242 (10th Cir. 1956)(holding that fraudulent joinder may not be inferred from misjoinder); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th

Cir. 1996), *abrogated on other grounds sub nom, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)(holding that only egregious misjoinders could potentially rise to the level of fraudulent joinder); *Parish v. Exxon Mobile Corp.*, 2015 WL 4097111, *14 (E.D. La. 2015) ("[B]ecause the joinder of the non-diverse defendant . . . is not so egregious as to constitute fraudulent misjoinder, the Court finds that it lacks diversity jurisdiction in this case."); *Superior Air Parts, Inc. v. Kubler*, 2015 WL 567223, *5 (N.D. Tex. 2015)(holding that even if combining claims were improper, where the claims were not wholly distinct, nor were they so disconnected factually or legally as to make their joinder a sham, the joinder was not so egregious as to constitute fraudulent misjoinder).

However, even if misjoinder under Rule 20 were grounds for finding improper joinder, the Fifth Circuit has not addressed whether the joinder of a third-party spoliation claim with a products liability claim is necessarily misjoinder. Under Rule 20, Defendants may be joined in one action when (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Several courts outside the Fifth Circuit have found that products liability and third-party spoliation claims may not necessarily be misjoined. *See, e.g., Beaty v. Bridgestone Americas Tire Operations, LLC*, No. 4:10-3303-RBH, 2011 WL 939001, at *3 (D.S.C. Mar. 16, 2011)(holding that there was no misjoinder of a third party spoliation claim to a products liability action where a third party destroyed the vehicle that was the subject of the products liability litigation); *Bryant v. Zimmer, Inc.*, 2006 WL 2362360 (M.D. Fla. Aug.14, 2006) ("For reasons of judicial economy, and to prevent piecemeal litigation, there is no reason to wait for final judgment in the

underlying products liability lawsuit before bringing an action for the destruction of evidence claim. A jury trying the concurrent claims in a single proceeding may be in the best position to determine issues of causation and damages.")

Here, the joinder of Bierden to this action is proper under Rule 20. First, the spoliation claim arises from the same transaction or occurrence as the products liability claim, because but for the products liability claim there could be no claim for spoliation. Second, common questions of fact will likely arise in the litigation of both claims because the tires are central evidence for the products liability claim, and the reason for their absence may become a relevant issue. Further, Bierden's liability for spoliation of evidence may depend on evidentiary rulings made in the products liability litigation, because the outcome of that litigation will determine any potential damages Plaintiff may seek from Bierden. Thus, the joinder of Bierden is not a misjoinder under Rule 20, much less an egregious misjoinder that could rise to the level of fraudulent or improper joinder.

Finally, Rule 21 of the Federal Rules of Civil Procedure states that if a claim is misjoined, the Court "may . . . sever any claim against a party." To the extent that the Court has the discretion to sever the spoliation claim against Bierden, it declines to do so.

Thus, because Bierden is a Louisiana company, and Plaintiffs are Louisiana citizens, there is not complete diversity of citizenship and thus no diversity jurisdiction under 28 U.S.C. § 1332(a)(1). This action must be remanded.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 44] be GRANTED.

IT IS FURTHER RECOMMENDED that the motion for summary judgment [doc. # 37] be DISMISSED for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 15th day of December, 2020.

_____
KAREN L. HAYES
United States Magistrate Judge